UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

T & T UNLIMITED, LLC, a Florida
limited liability company, and LEAH
NEES,

          Plaintiffs,

vs.                    Case No.  2:11-cv-121-FtM-29SPC

CITY OF LABELLE, FLORIDA,

          Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to
Dismiss Plaintiffs' Third Amended Complaint (Doc. #28) filed on
December 14, 2011.  Plaintiff filed a Reply (Doc. #33) in response
and defendant filed a Reply (Doc. #36) to the response.  Defendant
seeks dismissal because the federal claims fail to allege a
cognizable constitutional violation under 42 U.S.C. § 1983 and the
state law claims fail to state a claim upon which relief may be
granted.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all factual allegations in a complaint as true and take them
in the light most favorable to plaintiff.  Erickson v. Pardus, 551
U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002);
Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  "To
survive dismissal, 'the complaint's allegations must plausibly

suggest that the [plaintiff] has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed.'" James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## II.

This matter is before the Court on plaintiffs' Third Amended Complaint (Doc. #27) against the City of Labelle, Florida (the City or defendant). The factual allegations in the Third Amended Complaint are taken as true for purposes of the motion.

Plaintiffs wished to open a business to be known as "AC Enterprises" in the City of Labelle and needed occupational licenses for Automotive Repair, Welding/Fabrication, and Machine Shop. The proposed location for the business was at 435 S. Bridge Street, and plaintiffs were advised by the City Attorney that the location was permitted for such use. Plaintiffs obtained occupational licenses from the City, but on or about January 2009, moved the business to 329 S. Bridge Street. (Doc. #27, ¶¶ 5-8.)

-2-

Plaintiffs had a business relationship with the City for welding and fabrication jobs. On or about May 10, 2009, the City contacted plaintiffs regarding the construction of three trailers. After plaintiffs provided a written estimate, the City, through Mike Boyle, asked that the larger of the three trailers be completed for $1,800.00 instead of the estimated $3,600.00. Plaintiffs responded that based on the cost of materials they could not afford to do so at that price.  (Id., ¶¶ 10-12.)

On or about May 14, 2009, Douglas Bostic (Bostic), an agent of the City, began investigating plaintiffs for ordinance violations involving fabrication and manufacture of trailers. On May 18, 2009, Bostic issued a Code Violation warning letter to plaintiffs relating to Ordinance 4-70.3. This ordinance provides for the creation of a "business general zone" for compatible retail enterprises having common characteristics and which do "not involve more than incidental or limited assembly, fabrication or storage of commodities." (Id., ¶¶ 13-14.)  Plaintiffs' counsel responded that plaintiffs' primary business was not the manufacture of trailers and that they were permitted limited manufacture and fabrication of materials under the Ordinance. Despite this response, Bostic continued his investigation of plaintiffs.  (Id., ¶¶ 16-17.)

Plaintiffs allege that Bostic, despite knowing that there was

no code violation, issue a series of code violation notices to plaintiffs: June 11, 2009 -- citation #2025; June 22, 2009 - citations #2077 and #2078; July 8, 2009 -- citation #2079; August 6, 2009 -- citation #2082; and August 10, 2009 -- citation #2083. (Id., ¶¶ 18-23.)

Citation Numbers 2077, 2078, and 2079 were set for hearing on August 24, 2009, but at the hearing the City's attorney dismissed the citations and stated he would seek redress through a new procedure in front of a hearing officer. Plaintiffs, through counsel, objected and sought a rehearing and dismissal with prejudice. (Id., ¶¶ 25-27.)

Plaintiffs and their counsel met with the City's counsel and the City Planner to resolve the dispute.  The City promised to recommend at the City Commission meeting that any action on the citations be suspended and that any investigation and harassment of plaintiffs cease.  Plaintiffs did not attend based on these representations, but at the City Commission meeting actions on fines and sanctions were not suspended.  (Id., ¶ 28.)

The Motion for Rehearing and Motion to Dismiss was set for September 30, 2009 but denied for lack of jurisdiction based on the City's voluntary dismissal at the August 2009 hearing.

Bostic then issued a second series of code violation notices to plaintiffs: October 6, 2009 -- citations #2088 and #2089; October 14, 2009 -- citations #2090, #2091, and #2092; October 15,

2009 -- citations #2093 and #2094; and October 17, 2009 -- citation #2095. (Id., ¶¶ 34-41.) To mitigate their damages, plaintiffs relocated their business to a location outside the city limits, at 3113 Dellwood Terrace, in or about November 2009. (Id., ¶ 43.)

On April 1, 2010, after plaintiffs provided an updated notice of intent to sue, the City initiated action on citation numbers 2025, 2077, 2078, and 2088 through 2095 by mailing a notice of hearing before a Special Magistrate for each of the eleven citations. Some of the citations were never served on Nees, or her husband (Anthony Nees), and only one was served on Anthony Nees. Plaintiffs served a motion to dismiss with prejudice, notice of expiration of speedy trial, and request to take judicial notice on April 14, 2010. (Id., ¶ 44.)  Bostic continued to harass and stalk customers and business associates of plaintiffs, and had direct or indirect contact or correspondence with plaintiffs' known business associates.  (Id., ¶¶ 53-57.)

At the hearing on May 19, 2010, the Special Magistrate orally denied all challenges and plaintiffs' motion.  Plaintiffs allege in some detail how the Special Magistrate displayed bias in favor of the City at the hearing. Plaintiffs appealed the ruling to the Twentieth Judicial Circuit Court in and for Hendry County, Florida on December 22, 2010, after waiting over 7 months for a written ruling to issue.  The Circuit Court denied certiorari relief because no written ruling had issued and denied mandamus relief

because plaintiffs should have sought certiorari relief.  The Special Magistrate has never issued a written ruling, and plaintiffs allege this is intentional and with the intent to improperly delay the outcome of the citations.  (Id., ¶¶ 46-52.) It is further alleged that an agent of the City continuously harassed and stalked the customers and business associates of plaintiffs through direct contact, including threats and intimidation to third parties regarding the business relationship with plaintiffs with the intent to cause a loss of business.  (Id., ¶¶ 53-57.)

The Third Amended Complaint contains twenty-one counts.  The first fourteen counts are brought pursuant to 42 U.S.C. § 1983 and allege violation of plaintiffs' due process rights.  The last seven counts allege state claims of intentional interference with advantageous business relationships.

**III.**

Counts I through XIV of the Third Amended Complaint allege violations of plaintiffs' federal due process rights pursuant to 42 U.S.C. § 1983 for each of the fourteen citations issued.  Due process is alleged to have been violated in (1) the issuance and prosecution of the citations, and (2) the subsequent inadequate process of handling and resolving the citations.  Plaintiffs alleged that the citations were issued "with the threat of civil fines and criminal incarceration" causing plaintiffs to suspend

business operations, resulting in a taking or forfeiture of a property interest without due process, and with the intent to cause financial damage.  Plaintiffs further allege that the City refusing to timely set the matter for a hearing, attempting to use procedures that do not apply to the citation, and forum shopping for a biased tribunal all violated plaintiffs right to a fair hearing or trial "in an effort to frustrate and financially ruin Plaintiffs while denying Plaintiffs a fair and unbiased opportunity to be heard."  (Doc. #27, ¶¶ 67, 71, 75, 79, 83, 87, 91, 95, 99, 103, 107, 111, 115, 119.)  Defendant argues that plaintiffs have again failed to allege a cognizable violation of their procedural due process rights because adequate state remedies exist, and that if plaintiffs intended to state a substantive due process claim they have not adequately done so.

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiffs must allege and ultimately prove that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Bingham, 654 F.3d at 1175 (11th Cir. 2011). Plaintiffs also must allege and prove an affirmative causal connection between defendant's conduct and the

constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc).

The Fourteenth Amendment protects substantive and procedural due process rights. <u>AFL-CIO v. City of Miami, Fla.</u>, 637 F.3d 1178, 1185 (11th Cir. 2011). Substantive due process protects only "fundamental" rights under the United States Constitution, not substantive rights created by state law. <u>McKinney v. Pate</u>, 20 F.3d 1550 (11th Cir. 1994); <u>Bailey v. City of Pinellas Park</u>, 147 F. App'x 932, 934 (11th Cir. 2005). Therefore, tort law "remains largely outside the scope of substantive due process jurisprudence," <u>Skinner v. City of Miami, Fla.</u>, 62 F.3d 344, 347 (11th Cir. 1995)(collecting cases), and property rights are excluded because they are not created by the Constitution, <u>Greenbriar Vill., L.L.C. v. Mountain Brook City</u>, 345 F.3d 1258, 1262 (11th Cir. 2003).

While the Third Amended Complaint again fails to make it clear whether substantive due process claims are intended, Plaintiffs' Reply (Doc. #33, p. 4) argues that substantive due process claims are asserted. The Court finds that the Third Amended Complaint states no plausible substantive due process claims because no "fundamental" right under the United States Constitution has been alleged. Therefore, Counts I through XIV of the Third Amended Complaint are dismissed for failure to state a claim.

"Procedural due process requires notice and an opportunity to

be heard before any governmental deprivation of a property interest." Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). To establish a procedural due process claim plaintiffs must satisfy a three-part test by showing (1) a deprivation of a constitutionally-protected property or liberty interest, (2) by state action, (3) through a constitutionally inadequate process. Foxy Lady, Inc. v. City of Atlanta, Ga., 347 F.3d 1232, 1236 (11th Cir. 2003). A procedural due process violation is "not complete unless and until the State fails to provide due process. [ ] In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney, 20 F.3d at 1557 (quotation marks and internal citation omitted). "Property interests stem not from the Constitution, but from such sources as statutes, regulations, ordinances, and contracts. [ ] Whether these sources create a property interest must be decided by reference to state law." Arrington v. Helms, 438 F.3d 1336, 1348 (11th Cir. 2006) (internal citation omitted).

Defendant challenges only the third component of a procedural due process claim -- the absence of constitutionally adequate process. Defendant asserts that there are constitutionally adequate processes in place which can be availed by plaintiffs,

although the only one mentioned is the state circuit court appeal which was denied by the Catch-22 holdings. The Third Amended Complaint alleges that the Special Magistrate issued an oral ruling at the May 19, 2010, but to date has refused to reduce this to writing. The Supreme Court has stated that there is a point at which an unjustified delay in completing a post-deprivation proceeding "would become a constitutional violation." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985). However, "the significance of such a delay cannot be evaluated in a vacuum. In determining how long a delay is justified in affording a post-suspension hearing and decision, it is appropriate to examine the importance of the private interest and the harm to this interest occasioned by delay; the justification offered by the Government for delay and its relation to the underlying governmental interest; and the likelihood that the interim decision may have been mistaken." FDIC v. Mallen, 486 U.S. 230, 242 (1988). The Court finds that the allegations in the Third Amended Complaint states a plausible claim for a procedural due process violation after considering these relevant factors. The motion to dismiss the procedural due process counts is denied.

## IV.

Counts XV through XXI allege an intentional interference with advantageous business relationships with various third-party companies. Defendant argues that plaintiffs have failed to allege

-10-

the presence of an advantageous business relationship under Florida law because the third-party companies are all simply past customers with no legal or contractual obligation to continue to use plaintiffs' services, and therefore the claims should be dismissed.

The intentional interference counts specifically allege an advantageous business relationship with various identified third-party companies.  Plaintiffs allege that an agent of the City directly contacted an agent of the third-parties on their business premises and threatened and harassed these third-party agents with action if they had any further business dealings with plaintiffs. The agents were told that citations had been issued for code violations, and that plaintiffs would be forced out of business. As a result of the threats and intimidation by the City, the existing business relationship between plaintiffs and the third-parties diminished or ceased.  Plaintiffs were able to restore a business relationship with some but not most of the third-parties and have not recovered the losses of business attributable to the threats and intimidation.  (Doc. #27, ¶¶ 121-173.)

The tort of interference with a business relationship requires plaintiffs to show "(1) the existence of an advantageous business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff." Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1542 (11th Cir.

1991)(citation omitted).    "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 815 (Fla. 1994).   This does not require evidence of an enforceable contract.  Id. at 814. The Court finds that plaintiffs have alleged a plausible claim of an existing and ongoing relationship with identifiable customers. See Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152, 1155-58 (11th Cir. 2001).   The motion to dismiss will be denied.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. #28) is **GRANTED IN PART AND DENIED IN PART**.   The motion is granted as to all substantive due process claims in Counts I through XIV, and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record