UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

T & T UNLIMITED, LLC and LEAH NEES,
a Florida limited liability company

    Plaintiffs,

v.                                                    Case No: 2:11-cv-121-Ftm-29SPC

CITY OF LABELLE, FLORIDA,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Defendant City of Labelle, Florida's Motion for Extension of Time (Doc. #55) filed on January 7, 2013. The Defendant stated that it attempted to contact opposing counsel in accord with M.D. Fla. Local Rule 3.01(g) to confer about the requested relief but was unable to reach him. Under the Local Rules of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. *A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.*

M.D. Fla. Local Rule 3.01(g) (emphasis added). The Rule states clearly that a "certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." The Defendant is cautioned that a second failure to comply with the Local Rules will be fatal to any Motion without further notice. However, in this instance the Plaintiffs have not filed an objection or response to the Motion. Therefore, the Court will consider the Motion on the merits.

As grounds for the extension of time, the Defendant states it has retained Eric Belisle, CPA, of Forrester, Hart, Belisle & Whitaker, PL to serve as its expert witness. However, due to incomplete financial records, Mr. Belisle has been unable to render his final opinion, and therefore, needs additional time to review the records upon receipt of the records from the Plaintiffs. The Defendant further states that discovery cannot be completed by the current discovery deadline due to the Plaintiffs disclosure of a large number of individuals with alleged knowledge of the facts of this case and their depositions need to be taken. Consequently, the Defendant moves the Court to enlarge the expert disclosure deadline up to and including February 20, 2013, and the discovery deadline up to April 7, 2013.

District courts have broad discretion in managing their cases. Chrysler Int'l Corp. v. Chenaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The broad discretion given to the court includes the management of pretrial activities such as discovery and scheduling. Id. (citing Johnson v. Bd. of Regents of Univ. Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001). Based upon the rationale provided by the Defendant in its Motion, and having no objection from the Plaintiff, the Court finds good cause to grant the requested relief. However, the extensions of time will require that all of the remaining deadlines also be enlarged.

Accordingly, it is now **ORDERED:**

The Defendant City of Labelle, Florida's Motion for Extension of Time (Doc. #55) is **GRANTED**.

The Case Management and Scheduling Order is modified as follows:

| | |
|---|---|
| Disclosure of Experts       Plaintiff:<br>                                      Defendant: | **Complete**<br>**February 20, 2013** |
| Discovery Deadline | **April 8, 2013** |
| Mediation                    Deadline:<br>                                      Mediator:<br>                                       Address:<br>                                      Telephone:<br>If no Mediator is selected herein the Parties shall file a stipulation selecting a mediator within eleven days of the date of this Order | **February 6, 2013,**<br>**Steven G. Koeppel**<br>**1617 Hendry Street, Fort Myers, FL 33902** |
| Dispositive Motions, *Daubert*, and *Markman* Motions | **May 23, 2013** |
| Meeting In Person to Prepare Joint Final Pretrial Statement | **June 10, 2013** |
| All Other Motions Including Motions *In Limine*, Trial Briefs | **June 24, 2013** |
| Joint Pretrial Statement (Including a Single Set of Jointly Proposed Jury Instructions and Verdict Forms (With diskette), Voir Dire Questions, Witnesses Lists, Exhibit Lists on Approved Form) | **June 24, 2013** |
| Final Pretrial Conference        Date:<br>                                            Time:<br>                                            Judge: | **July 22, 2013**<br>**9:00am**<br>**Honorable John E. Steele** |
| Trial Term Begins<br>(Trials Before Magistrate Judges Begin on Date Certain) | **August 5, 2013** |
| Estimated Length of Trial | **3 days** |
| Jury/Non Jury | **Jury** |

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of January, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

3